**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SUSAN SUMMERS,

                                                        CASE NO:

        Plaintiff,

v.

COLUMBIA COUNTY SCHOOL DISTRICT,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

        Plaintiff, SUSAN SUMMERS ("Plaintiff"), sues Defendant, COLUMBIA COUNTY

SCHOOL DISTRICT ("Defendant"), and alleges:

## I.        JURISDICTION AND PARTIES

        1.        This is an action for damages exceeding $30,000 and injunctive relief under the

Florida Civil Rights Act ("FCRA"), Title VII of the Civil Rights Act of 1964 as amended by the

Civil Rights Act of 1991 ("Title VII"), and the Age Discrimination in Employment Act of 1967

("ADEA").

        2.        Plaintiff is a former employee of Defendant.  Specifically, and within the time

frame pertinent to this action, Plaintiff was employed as an Assistant Principal at Fort White

Elementary School.  At the time of Plaintiff's unlawful termination, she was employed as an

Assistant Principal in Columbia County, Florida.

        3.        Defendant is a political subdivision of the State of Florida responsible for the

administration of public schooling in Columbia County, Florida.

        4.        Plaintiff timely filed a charge of discrimination and retaliation with the Equal

Employment Opportunity Commission ("EEOC") on March 29, 2019, which was subsequently

amended.  These charges were dual-filed with the FCHR.  Plaintiff's timely filed charges alleged discrimination based upon gender and age.  More than 180 days have passed since Plaintiff filed each charge and no cause finding was issued within that time frame.  A right to sue notice was received by Plaintiff on September 17, 2020.  This action is timely filed.

## II.      STATEMENT OF FACTS

5.      Plaintiff was employed by Defendant between 2000 and 2018.

6.      Plaintiff was initially hired as a teacher.  Plaintiff was promoted to Assistant Principal in 2008.

7.      Plaintiff was made the Assistant Principal of the Fort White Elementary and High Schools in 2011.  The next year, she was the Assistant Principal for Fort White High School.  And in 2013, Plaintiff was made the Assistant Principal of Fort White Elementary School.  Plaintiff remained in this position until her unlawful termination.

8.      During Plaintiff's employment with Defendant, she consistently received high marks for her performance.

9.      At no point during Plaintiff's employment was she led to believe that Defendant viewed her performance as less than satisfactory.

10.     Nor was Plaintiff ever warned that her continued employment was in jeopardy.

11.     Nevertheless, Plaintiff was abruptly terminated on June 5, 2018.

12.     Plaintiff requested that a reason for her termination be given.

13.     Defendant refused to provide a reason for her termination.

14.     Only well after the date of termination did Defendant provide any reason for Plaintiff's termination.  And the rationale given at that time was stale, false, and otherwise pretextual.

2

15.     Plaintiff was 66 years of age at the time of her unlawful termination.

16.     Plaintiff was replaced by a substantially younger male.

17.     As a consequence of Defendant's illegal conduct, Plaintiff has retained counsel to represent her in this matter.  Plaintiff has incurred, and will continue to incur, attorneys' fees and costs associated with that representation.

## COUNT I
### AGE DISCRIMINATION (TERMINATION) IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 ET SEQ.

18.     Plaintiff hereby restates and realleges each and every factual allegation contained within paragraphs 1-17.

19.     Defendant is, and at all material times has been, an employer within the meaning of the FCRA.

20.     Plaintiff is the member of a protected class (age), was qualified for the position she held, and was subjected to adverse employment action when she was terminated.

21.     Plaintiff's protected class (age) was a motivating factor, as well as a but-for cause, of the adverse employment action to which she was subjected.

22.     The discrimination described above was done maliciously, intentionally, and with a reckless disregard for Plaintiff's protected rights under the law.

23.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of earning capacity, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay, reinstatement or front pay, compensatory and emotional distress damages,

damages for loss of earning capacity, repayment for attorneys' fees and costs pursuant to § 760.11, punitive damages, prejudgment interest, equitable relief, and any and all other relief that the court deems just, equitable, and proper.

## COUNT II
## GENDER DISCRIMINATION (TERMINATION) IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 ET SEQ.

24.     Plaintiff hereby restates and realleges each and every factual allegation contained within paragraphs 1-17.

25.     Defendant is, and at all material times has been, an employer within the meaning of the FCRA.

26.     Plaintiff is the member of a protected class (gender), was qualified for the position she held, and was subjected to adverse employment action when she was terminated.

27.     Plaintiff's protected class (gender) was a motivating factor, as well as a but-for cause, of the adverse employment action to which she was subjected.

28.     The discrimination described above was done maliciously, intentionally, and with a reckless disregard for Plaintiff's protected rights under the law.

29.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of earning capacity, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay, reinstatement or front pay, compensatory and emotional distress damages, damages for loss of earning capacity, repayment for attorneys' fees and costs pursuant to § 760.11,

punitive damages, prejudgment interest, equitable relief, and any and all other relief that the court deems just, equitable, and proper.

<u>COUNT III</u>
**AGE DISCRIMINATION (TERMINATION) IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621 <u>ET SEQ.</u>**

30.     Plaintiff hereby restates and realleges each and every factual allegation contained within paragraphs 1-17.

31.     Defendant is, and has at all material times been, an employer within the meaning of the ADEA.

32.     Plaintiff is the member of a protected class (age), was qualified for the position that she held, and was subjected to an adverse employment action when she was unlawfully terminated.

33.     Plaintiff's protected class (age) was a motivating factor, as well as a but for cause, of the adverse employment action to which she was subjected.

34.     The discrimination described above was done maliciously, intentionally, and with a reckless disregard for Plaintiff's protected rights under the law.

35.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of earning capacity, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay, reinstatement or front pay, liquidated damages, damages for loss of earning capacity, repayment for attorneys' fees and costs pursuant to 29 U.S.C. § 626, prejudgment interest, equitable relief, and any and all other relief that the court deems just, equitable, and proper.

## COUNT IV
### GENDER DISCRIMINATION (TERMINATION) IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. § 2000e, ET SEQ.

36.     Plaintiff hereby restates and realleges each and every factual allegation contained within paragraphs 1-17.

37.     Defendant is, and at all material times has been, an employer within the meaning of Title VII.

38.     Plaintiff is the member of a protected class (gender), was qualified for the position that she held, and was subjected to an adverse employment action when she was unlawfully terminated.

39.     Plaintiff's protected class (gender) was a motivating factor, as well as a but for cause, of the adverse employment action to which she was subjected.

40.     The discrimination described above was done maliciously, intentionally, and with a reckless disregard for Plaintiff's protected rights under the law.

41.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of earning capacity, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay, reinstatement or front pay, compensatory and emotional distress damages, damages for loss of earning capacity, repayment for attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5, punitive damages, prejudgment interest, equitable relief, and any and all other relief that the court deems just, equitable, and proper.

6

Respectfully submitted,

/s/Archibald J. Thomas, III
Archibald J. Thomas, III
Florida Bar No. 231657
thomas@job-rights.com
Samuel B. Kanupp
Florida Bar No. 0067216
samuel@job-rights.com
ARCHIBALD J. THOMAS, III, P.A.
4651 Salisbury Road, Suite 255
Jacksonville, Florida 32256
(904) 674-2222 (Telephone)
(904) 296-2341 (Facsimile)

ATTORNEYS FOR PLAINTIFF